Dissenting Opinion.
Manning, C. J.
The executory process of our law is an extraordinary and anomalous remedy. It disregards and contemns the ordinary-legal forms of procedure by which a forced alienation of property may be made, and accomplishes its purpose with a swiftness more in accordance with military usage than with civil routine. The celerity of its motion is equalled only by the indifference with which it overrides the legal requirements of every other species of procedure. Without citation or notice, without trial or judgment, the creditor holding a peculiar kind of authentic Act presents that Act with the evidences of his claim to the judge out of court, and then and there obtains a peremptory and unqualified mandate to seize the debtor’s property described in the Act, and not until then is he required to inform any one but the judge of his intentions or purposes. A brief delay is given to the debtor to-pay, and failing that, the advertisement incontinently follows.
The employment of such process should not be permitted beyond' the limit prescribed by law for its exercise. It should not be applied to any cases except those plainly and unmistakably within the purview óf the legislation which created it. It can be resorted to when the creditor’s right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor, Code Practice» art. 732 — 3, And an act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public in the presence of two witnesses, and the debtor has acknowledged or declared the debt for which he gives the privilege or mortgage-
The Act upon which-the process issued in this case is notarial, and that is the only respect in which it complies with the requirements of the Code. There is no mortgage recited, no privilege retained, no declaration or acknowledgment of a debt made, but simply, barely, andi *732 ■solely the words necessary to inform the reader that a sale has been then and there made.
I am not oblivious of the legal principle that the privilege of the vendor exists by operation of law, and independent of the convention of the parties, or rather that it springs out of that convention by a sort of •spontaneous birth, the result of the contact of these two consenting minds. And therefore if the vendor, suing upon the notes of his vendee, should demand the recognition of his privilege, it would be accorded him, although no stipulation to that effect were found in the Act of sale. It would be vain for the vendee, pursued via ordinaria, to deny the existence of the privilege because it had not been formally recited in the Act of sale, since the law created the privilege, and attached it to the vendor as a right for him to enforce in security of the notes given for the purchase price.
But does the'law create the privilege, and also attach it so firmly to the vendor that he cannot shake it off — that he cannot expressly renounce or tacitly waive it ? And when in order to entitle him to a process, which leaps by one bound over all the stages of a suit, he must have an Act which contains a privilege or mortgage, and there must be within it a declaration or acknowledgment of the debt, can he obtain such process when the Act itself does not contain either privilege or mortgage, or declaration or acknowledgment of the debt ?
It is the law that holds in its bosom — in gremio legis — -the privilege which secures the price of sale. The Act does not contain it. It is wholly outside of the Act. The single line that the vendor hereby retains the privilege accorded him by law would have made the act contain it. The law of registry has assumed new aspects from modern legislation. How is one to know that a hidden privilege lurks beneath verbiage which does not advise one of its existence? The special feature of our recent legislation relative to registry is the care taken to provide for recording all liens so that an inspection of the recorder’s books may shew all incumbrances. Must you not only read what privileges are created or retained, but also by another mental process evolve a privilege out of recitals which do not express it ? In this particular instance the waiver of the privilege, inferrible from the absence of any recital, is made probable by the fact that the Act was recorded only in the conveyance book.
The Act is markedly free from either declaration or acknowledgment of the debt, save the statement that the purchase is made and the notes given. After opening in the usual form, it recites the appearance of the vendor, who declared that for the consideration hereinafter men. tioned, he does by these presents grant, bargain, sell, convey, transfer assign and setover, with full guarantee against all troubles, debts, mort *733 gages, claims, evictions, donations, alienations, or other encumbrances whatever, and with subrogation to all his rights and actions of warranty against all previous owners and with full guarantee of title unto Joseph Dejean, a resident of the parish of St. Landry, here present and accepting for himself his heirs and assigns, the following property:
Here follows the description of the property, and then proceeds;— This sale is made and accepted for the price and sum of seventeen hundred dollars, payable as follows: The sum of five hundred dollars paid cash on this day; receipt of which is hereby acknowledged. The sum of five hundred dollars, payable on the 1st day of January, 1874, and the balance seven hundred dollars payable on the 1st day of January, 1875, for which sum said purchaser has furnished his promissory notes, in conformity to the above stipulations, bearing eight per cent per annum interest, after respective maturity until final payment of capital and interests, said notes being marked by the notary “ Ne Yarietur ” for identification with this act. Purchaser freeing the undersigned notary from the production of the certificate of mortgage required by article 3328 of the Louisiana Civil Code. Thus done and passed in my office in the town of Opelousas in presence of, &c. &c.
The recital here is that the vendee has made the debt, not acknowledged it — has furnished two notes, not specifically declared its existence. But what need for an acknowledgment of a debt from one who has just declared that he has made it? None, so far as the validity and binding force of the debt is concerned. But when the law requires it in order to entitle one to a peculiar and exceptional remedy for its enforcement, the answer properly is, ita lex seripta est.
My opinion is that executory process cannot legally issue upon a notarial act containing no more than is recited in that above quoted, and that the injunction of plaintiff should be sustained and perpetuated, reserving to defendant the right to pursue his debtor via ordinaria for a j udgment upon his notes and a recognition of the privilege which the. law has given him for the security of their payment.
Make, J. I concur in the foregoing opinion of the Chief Justice..